# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

* * * * * * * * * * * * * * * * * * * *
STEVE H. MITCHELL,

                 Petitioner,

v.

SECRETARY OF HEALTH
AND HUMAN SERVICES,

                 Respondent.
* * * * * * * * * * * * * * * * * * * *

No. 14-401V

Special Master Christian J. Moran

Filed: August 9, 2016

Attorneys' fees and costs

Diana L. Sedar, Maglio Christopher and Toale, PA, Sarasota, FL, counsel for petitioner;
Jennifer L. Reynaud, United States Dep't of Justice, Washington, DC, for respondent.

## UNPUBLISHED DECISION ON ATTORNEYS' FEES AND COSTS [1]

      Petitioner Steve H. Mitchell filed his application for attorneys' fees and costs on July 18, 2016. The Secretary objected to the amount Mr. Mitchell requested. Mr. Mitchell is awarded **$32,891.75**.

      Steve H. Mitchell alleged that he had an adverse reaction, including peripheral polyneuropathy, resulting from the receipt of the tetanus vaccine administered to him on May 21, 2012. The undersigned issued a decision on the record denying compensation. Decision, issued Dec. 21, 2015, 2015 WL 11256038. Even though compensation was denied, a petitioner who brings his petition in good faith and who has a reasonable basis for the petition may be awarded attorneys' fees and costs. See 42 U.S.C. § 300aa–15(e)(1). Here, counsel

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

for petitioner gathered and filed medical records, consulted an expert, and moved for a decision on the record when further investigation revealed that petitioner was unlikely to prove his case. Thus, because petitioner's counsel acted in good faith and because there was a reasonable basis for proceeding, petitioner is eligible for an award of attorneys' fees and costs. Respondent does not contend that petitioner failed to satisfy these criteria.

The Secretary objected to the amount Mr. Mitchell requested. She stated that a suitable amount is between $25,000.00 to $28,000.00. The Secretary further suggested that the undersigned make a determination as to the amount of an award within that range. See Resp't's Resp. at 3.

Because the Secretary provided no explanation for how she determined the range, the Secretary's representation carries relatively little weight. The attorney's timesheets are sufficiently detailed that his activities are understandable. While there might be some quibbles over specific entries, the Secretary did not make any specific objections. Overall, the amount of time is reasonable.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. §15(e). The undersigned finds $32,891.75 to be a reasonable amount for all attorneys' fees and costs incurred. In compliance with General Order No. 9, petitioner states that he did not incur any out-of-pocket litigation expenses while pursuing this claim. The undersigned **GRANTS** Mr. Mitchell's motion and awards **$32,891.75** in attorneys' fees and costs. This shall be paid as follows:

> **A lump sum payment of $32,891.75, in the form of a check made payable jointly to petitioner and petitioner's attorney, Diana L. Sedar, of Maglio Christopher & Toale, PA, for attorneys' fees and other litigation costs available under 42 U.S.C. § 300aa-15(e).**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.

Any questions may be directed to my law clerk, Shannon Proctor, at (202) 357-6360.

**IT IS SO ORDERED.**

s/Christian J. Moran
Christian J. Moran
Special Master

2